Jesús María Quiñones Muñiz, Plaintiff and Appellee, *v.* Flor Rodríguez and his wife Juana Román, Defendants and Appellants.

No. 8186.   Argued March 7, 1941.—Decided March 12, 1941.

*Luis Mendín Sabat,* for appellants.   *Francisco González Fagundo,* for appellee.

Mr. Justice De Jesús delivered the opinion of the Court.

In June, 1938, the plaintiff in this case filed a foreclosure proceeding in the lower court to collect a mortgage credit in the amount of $400 principal, interest at 1 per cent per

month since August 18, 1936, and $150 for costs, which credit was constituted by deed No. 17 of December, 1927, in which the following clause appears:

"The debtor-spouses declare that they have not constituted their homestead in the described house and that they bind themselves not to constitute said homestead during the term of this contract and not to claim any exemption whatsoever as homestead right in case the mortgage which they execute by the present document is foreclosed."

At the sale at auction which took place on December 6, 1938, the defendants presented an affidavit to the marshal whereby they claimed a homestead right which, notwithstanding the above copied clause, they alleged to have in the mortgaged property. The marshal refused to consider the claim and carried out the sale, adjudicating the property to the plaintiff in payment of his credit. Five days later the defendants applied to the lower court, praying for the nullity of the auction sale, which was decreed by order of April 28, 1939. In view of this, the plaintiff herein who was also the plaintiff in the foreclosure proceeding, filed in that court a suit for a declaratory judgment to obtain the interpretation of the above copied clause, which according to him, constituted an express waiver of the homestead right, and is valid and effective because it was agreed upon under the provisions of the Act creating the homestead right, of 1903 (Laws of 1903, page 213, Comp. St. 1000–1005), which authorized such waiver.

The defendants filed demurrers against said complaint alleging that there was another suit pending between the same parties involving the same cause of action and that the complaint did not state a cause of action. The demurrers were overruled and the defendants answered accepting the facts of the complaint but claiming the following special defenses:

"A. That the sixth clause of deed No. 624, dated December 17, 1927, copied in the sixth paragraph of the complaint, does not constitute an express and formal waiver of the homestead right and the text of said clause has no effect.

"B. That when the terms of said clause were stated in the above mentioned deed, the defendant did not have any homestead constituted on the house which is the object of the foreclosure proceeding referred to in paragraphs 1, 2, 3 and 4 of said complaint for a declaratory judgment.

"C. That after the deed whereby said mortgage was constituted had been executed, and before Act No. 87 of May 13, 1936, went into effect, the defendants were occupying with their families as their homestead the house object of said mortgage and they so stated and noted in the Registry of Property of Caguas."

The parties were heard and judgment was rendered upholding the contentions of the plaintiff, that is, that the defendants have no right to the homestead claimed because they waived it in an express manner in the mortgage deed and that that waiver is effective and valid because it was made under the provisions of previous legislation.

Section 105 of the Code of Civil Procedure provides in its third paragraph that the defendants may demurr to a complaint when from its face it appears "that there is another action pending between the same parties *for the same cause.*" There is no doubt that there is an identity of parties in said foreclosure proceeding and in the suit for declaratory judgment which is the object of this appeal, but there does not exist an identity of causes of action between them. The object of the first is the collection of the credit; of the second, to obtain the interpretation of a clause of the mortgage contract which will aid the foreclosure proceeding. In other words, the second is a means to accomplish the ends of the first. The demurrer which we have considered is therefore clearly improper and the lower court did not err in overruling it.

Let us now consider the demurrer for lack of facts sufficient to constitute a cause of action. In initiating the discussion we should not lose sight of the fact that this is a complaint filed in a special proceeding provided by law

as to declaratory judgments (Laws of 1931, page 378), whose Section 2 in its applicable part states:

"Section 2.—Every person interested in a deed, . . . written contract or other document constituting a contract, . . . may obtain a determination of any difference in regard to the construction or validity of said . . . . contract . . . . and also a declaration of the rights, status or other judicial relations derived therefrom."

Within the proceedings provided by said law the issue raised by a demurrer is not whether the interpretation proposed by the plaintiff is or is not correct. The true question to be decided is whether from the face of the complaint it appears that a justiciable controversy exists between the parties which may be decided by a court of justice according to said law.

From the face of the complaint it appears that the plaintiff is the owner of a mortgage credit on a property of the defendants and that there exists a divergence of opinion between the parties as to the interpretation of a clause of the mortgage contract. As said Act grants either of the parties the right to go to a competent court and obtain the decision of this controversy either before or after the contract has been violated (Section 3) it is clear that the complaint states facts sufficient to constitute a cause of action. Which is the correct interpretation is a question which may be merely a question of law or a mixed question of fact and of law and it should be decided after hearing and weighing the evidence presented. The court did not err either in overruling said demurrer.

██ Section 3 of the Act defining homestead rights— approved March 12, 1903—authorized the waiver of that right if the waiver is made "expressly . . . in the instrument of conveyance by such householder, his wife or her husband, if he or she have one," and this legal provision has been repeatedly interpreted by this Court in the sense that the waiver might be made in a mortgage deed. *Pagán* v. *Padín,*

45 P.R.R. 168; *Franceschi* v. *Claudio Elena,* 51 P.R.R. 479, and *Martínez* v. *Registrar,* 53 P.R.R. 591.

Once the foregoing premise is established, what we have to determine is if the clause in question constitutes an express waiver according to said act. In order that a waiver of a right be "express" it is not necessary to use the words "express" or "expressly"; it is sufficient if it is stated in a clear and distinct manner and without having to make inferences or deductions that it is the manifest, firm and decided purpose of waiving it. The clause in controversy clearly and unquestionably expresses that purpose. Notwithstanding this, the defendants-appellants argue that that waiver is not effective because as at that time they had no homestead, they could not waive it since what does not exist cannot be waived. To this argument we might answer that as the appellants were the owners of the farm when they mortgaged it, they could have established their homestead in it and it was that right which they waived to obtain the loan. The attorney for the appellee is right when he maintains that had that clause not been placed in the deed it is quite probable that his client would not have made the loan.

The lower court acted correctly in interpreting the clause in controversy in the manner in which it did.

Therefore, the appeal is dismissed and the judgment appealed from affirmed.